Olayiwola O. Oduyingbo (RI Bar No. 9427)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:     (401) 209-2029
Facsimile:     (401) 217-2299

*Attorney for Plaintiff*
*Daniel Price*

# UNITED STATES DISTRICT COURT

## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIEL PRICE, individually and on behalf of other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CUMBERLAND FARMS, INC., *alias*, and SHIFTSMART, INC., *alias*, <br><br> Defendants. | Case No. _____ <br><br> **COLLECTIVE ACTION COMPLAINT FOR:** <br><br> 1. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;** <br> 2. **Violation of the Rhode Island Payment of Wages Act, R.I. Gen. Laws § 28-14-1 *et seq.*; and** <br> 3. **Violation of the Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1 *et seq*.** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

COMPLAINT

**TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ........................................................................1

PARTIES ...................................................................................................1

JURISDICTION ...........................................................................................2

VENUE .....................................................................................................3

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS................................3

    Daniel Begins Working for Defendants Under an Unlawful
        Independent Contractor Scheme ....................................................3

    Defendants Misclassified Daniel, and All Others Similarly
        Situated, and Failed to Pay Them at the Overtime Premium........4

    Defendants Constitute Joint Employers.....................................................5

DEFENDANTS' GENERAL EMPLOYMENT PRACTICES ......................................5

FLSA COLLECTIVE ACTION CLAIMS...........................................................6

CLAIMS FOR RELIEF .................................................................................7

PRAYER FOR RELIEF ................................................................................11

DEMAND FOR JURY TRIAL .......................................................................12

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## COMPLAINT

### SUMMARY OF THE ACTION

1.      Plaintiff Daniel Price ("Plaintiff" or "Daniel"), individually and on behalf of others similarly situated, brings this action against Cumberland Farms, Inc. ("Cumberland Farms") and Shiftsmart, Inc. ("Shiftsmart") (collectively referred to as "Defendants"), to assert his rights, remedy, and seek relief for Defendants' grave and rampant wage violations committed during his employment. Daniel is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the **Fair Labor Standards Act** ("FLSA"), 29 U.S.C. § 201 *et seq.*; the **Rhode Island Payment of Wages Act**, R.I. Gen. Laws § 28-14-1 *et seq.*; and the **Rhode Island Minimum Wage Act**, R.I. Gen. Laws § 28-12-1 *et seq.* Daniel hereby alleges as follows:

### PARTIES

2.      Plaintiff Daniel Price is a citizen and resident of Central Falls, Rhode Island.

3.      At all times relevant herein, Daniel was employed by Defendants in the State of Rhode Island.

4.      Defendant Cumberland Farms, Inc., is a foreign company organized under the laws of the State of Delaware. Defendant Cumberland Farms' principal office is located at 165 Flanders Rd., Westborough, MA 01581 and its registered agent is 'Corporation Service Company' located at 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

5.      Defendant Shiftsmart, Inc. is a foreign company organized under the laws of the State of Delaware. Defendant Shiftsmart's principal place of business is located at One World Trade Center, Suite 46L, New York, NY 10007, and its registered agent is 'Capitol Services, Inc.' at 1218 Central Ave., Ste. 100, Albany, NY 12205.

6.      At all times relevant herein, Defendants were Daniel's "employers" within the meaning of all relevant statutes. Indeed, each Defendant possessed substantial control over

COMPLAINT

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Daniel's—and other similarly situated employees'—working conditions, and over the policies and practices with respect to the employment and compensation of Daniel, and all other similarly situated individuals, referred herein. Defendants had the power to hire and fire Daniel, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Daniel's services.

7.      At all relevant times, Daniel worked for Defendants at several Cumberland Farms stores throughout the state of Rhode Island.

8.      Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

9.      In 2023 and 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

10.     At all relevant times, Defendants and/or their enterprise were engaged in commerce or in an industry or activity affecting interstate commerce. For instance, numerous items used daily in the stores were goods produced outside the State of Rhode Island and transported across state lines specifically for Defendants to use in their business operations.

## JURISDICTION

11.     The United States District Court for the District of Rhode Island has federal subject matter jurisdiction under 29 U.S.C. § 216 and 28 U.S.C. § 1331 because Daniel asserts claims arising under federal law, specifically the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

12.     The United States District Court for the District of Rhode Island has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative fact as the claims over which the Court has original jurisdiction.

13. The United States District Court for the District of Rhode Island has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts in Rhode Island to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District. Furthermore, Daniel was employed by Defendants in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Daniel Begins Working for Defendants Under an Unlawful Independent Contractor Scheme

15. Plaintiff worked for Defendants from November 2023 until on or around January 20, 2025 as a store merchandiser and cleaner.

16. Daniel, through Shiftsmart's app platform, connected with Cumberland Farms to perform services at its locations in Rhode Island.

17. At all times relevant herein, Defendants collectively employed Daniel and controlled the terms of his employment. For example, Daniel was required to book his shifts at Cumberland Farms through the Shiftsmart app every Friday.

18. Daniel's schedule was usually divided into shifts of four or five hours each, with no scheduled breaks within or between each shift.

19. Daniel routinely scheduled up to 12 hours of work per day. In fact, Daniel regularly worked up to 60 hours a week for Defendants, usually working five to six days a week.

20. Likewise, at all relevant times herein, Defendants could discipline Daniel if anything was not done according to their rules and procedures. Indeed, Daniel was required to comply with instructions from Cumberland Farms' employees regarding stocking and cleaning duties. These directives are communicated directly or indirectly through Defendants' employees.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

COMPLAINT

Specifically, Cumberland Farms' employees provided Daniel with task-specific instructions at the store level, while the scheduling manager at Shiftsmart routinely issued orders and guidance on how Daniel should perform various tasks.

21.     For example, on any given day, the store managers at Cumberland Farms would have a list of tasks that Daniel was expected to perform on that day, which included cleaning and restocking shelves, and they would supervise the work that was done by Daniel.

22.     In order to clock in, Daniel had to request a code from the store managers at Cumberland Farms and input it on the Shiftsmart app to confirm that he had begun work. The Shiftsmart app would clock Daniel out automatically when he hit four hours, even though he continued to work. This is how his time was kept at Defendants.

23.     Payment for Daniel's wages was made through the Shiftsmart app within 24 hours of completing a given shift at Cumberland Farms.

24.     Daniel was paid $56 to $68 per shift, or an hourly rate of $14 to $17, which varied per store.

25.     According to information and belief, Daniel's work conditions were the same as all other similarly situated individuals employed at Defendants.

26.     Defendants classified Daniel as an independent contractor, rather than an employee. However, contrary to the independent contractor classification, Defendants treated Daniel, and all other similarly situated individuals, as employees.

**Defendants Misclassified Daniel, and All Others Similarly Situated, and Failed to Pay Them at the Overtime Premium**

27.     Daniel's work duties at Defendants did not require either discretion or independent judgment.

28.     At all times relevant herein, Daniel typically worked up to 60 hours a week, or up to 12 hours a day, without any breaks.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

29.     Defendants did not pay Daniel at any rate beyond his base rate. In fact, even though Daniel routinely worked up to 60 hours per week for Defendants, he was not paid at the overtime rate of one and one-half of his hourly rate for any of the hours that he works in excess of forty in a week, or eight in a day.

30.     Although Daniel was required to input a code given by Cumberland Farms into Shiftsmart's app to record the start of his shift, Defendants did not keep accurate time records or otherwise required Daniel to record the number of hours he works per day or week. Defendants also did not offer scheduled breaks to Daniel.

**Defendants Constitute Joint Employers**

31.     Upon information and belief, Defendants were associated and joint employers, acted in the interest of each other with respect to employees like Daniel, paid employees by the same method, and shared control over the employees.

32.     Each Defendant possessed substantial control over Daniel's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Daniel, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Daniel (and all similarly situated employees) and are Daniel's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq*.

**DEFENDANTS' GENERAL EMPLOYMENT PRACTICES**

34.     Defendants' conduct, including the failure to pay Daniel at the correct overtime premium for all the hours worked, extended beyond Daniel to all other similarly situated employees.

35.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Daniel and other employees to work without providing the minimum wage and overtime compensation required by federal and state laws and regulations.

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

36.     Daniel was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and Rhode Island laws by, inter alia, not paying him the wages he was owed for the hours he worked.

37.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Daniel (and similarly situated individuals) worked, and to avoid paying Daniel properly for his full hours worked.

38.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and Rhode Island laws.

39.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Daniel and other similarly situated workers.

40.     Daniel now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, and for violations of the Rhode Island Payment of Wages Act, R.I. Gen. Laws § 28-14-1 *et seq.*; and the Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1 *et seq.*, including applicable liquidated damages, interest, attorneys' fees and costs.

41.     Daniel seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

42.     Daniel consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### FLSA COLLECTIVE ACTION CLAIMS

43.     Daniel brings his FLSA minimum and overtime wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons (the "FLSA Class Members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

44.     At all relevant times, Daniel and other members of the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum and overtime wage and willfully failing to keep accurate records under the FLSA.

45.     The claims of Daniel stated herein are similar to those of the other employees.

**CLAIMS FOR RELIEF**

46.     Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

**First Claim for Relief**

*Worker Misclassification in Violation of 29 U.S.C. § 201 et seq.*

47.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, did not classify Daniel (and the FLSA Class members) as an hourly, nonexempt, employees. Defendants willfully and deliberately deprived Daniel (and the FLSA Class members) of their rights secured by the FLSA by misclassifying them as independent contractors instead of employees, causing Daniel (and the FLSA Class members) to suffer damages as aforesaid.

**Second Claim for Relief**

*Worker Misclassification in Violation of R.I. Gen. Laws § 28-14-19.1*

48.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, did not classify Daniel as an hourly, nonexempt, employee. Defendants willfully and deliberately deprived Daniel of his rights secured by the

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

COMPLAINT

Rhode Island Payment of Wages Act by misclassifying him as an independent contractor instead of an employee, causing Daniel to suffer damages as aforesaid.

### Third Claim for Relief

*Record Keeping in Violation of 29 CFR Part 516 and 29 U.S.C. § 211(c)*

49. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, failed to keep a true and accurate record of hours worked and wages paid each pay period to Daniel (and the FLSA Class members). Defendants willfully and deliberately deprived Daniel (and the FLSA Class members) of their rights secured by the FLSA by failing to maintain proper records of hours worked and wages paid, causing Daniel (and the FLSA Class members) to suffer damages as aforesaid.

### Fourth Claim for Relief

*Record Keeping in Violation of R.I. Gen. Laws § 28-14-12*

50. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, failed to keep a true and accurate record of hours worked and wages paid each pay period to Daniel. Defendants willfully and deliberately deprived Daniel of his rights secured by the Rhode Island Payment of Wages Act by failing to maintain proper records of hours worked and wages paid, causing Daniel to suffer damages as aforesaid.

### Fifth Claim for Relief

*Failure to Provide Breaks in Violation of R.I. Gen. Laws § 28-3-14*

51. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, failed to provide meal and rest periods to Daniel, forcing Daniel to often work 12 hours without a break. Defendants willfully and deliberately deprive Daniel of his rights secured under Rhode Island laws by failing to prove such breaks, causing Daniel to suffer damages as aforesaid.

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Sixth Claim for Relief**

*Failure to Pay Wages in Violation of 29 U.S.C. § 201 et seq.*

52.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, failed to compensate Daniel (and the FLSA Class members) based on the number of hours worked per week. Defendants willfully and deliberately deprive Daniel (and the FLSA Class members) of their rights secured by the FLSA by failing to compensate them for all hours worked, causing Daniel (and the FLSA Class members) to suffer damages as aforesaid.

**Seventh Claim for Relief**

*Failure to Pay Wages in Violation of R.I. Gen. Laws § 28-14-1 et seq.*

53.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, failed to compensate Daniel based on the number of hours worked per week. Defendants willfully and deliberately deprived Daniel of his rights secured by the Rhode Island Payment of Wages Act by failing to compensate him for all hours worked, causing Daniel to suffer damages as aforesaid.

**Eighth Claim for Relief**

*Failure to Pay Wages in Violation of R.I. Gen. Laws § 28-12-3*

54.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, failed to compensate Daniel based on the number of hours worked per week. Defendants willfully and deliberately deprived Daniel of his rights secured by the Rhode Island Minimum Wage Act by failing to compensate him for all hours worked, causing Daniel to suffer damages as aforesaid.

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Ninth Claim for Relief**

*Failure to Pay Overtime in Violation of 29 U.S.C. § 207*

55.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, do not compensate Daniel (and the FLSA Class members) at a rate of one and a half times of the regular rate of payment when he worked in excess of forty hours a week or eight in a day. Defendants deprived Daniel (and the FLSA Class members) of their rights secured by the FLSA causing Daniel (and the FLSA Class members) to suffer damages as aforesaid.

**Tenth Claim for Relief**

*Failure to Pay Overtime in Violation of the R.I. Gen. Laws § 28-14-1 et seq.*

56.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, do not compensate Daniel at a rate of one and a half times of the regular rate of payment when he worked in excess of forty hours a week or eight in a day. Defendants deprived Daniel of his rights secured by the Rhode Island Payment of Wages Act causing Daniel to suffer damages as aforesaid.

**Eleventh Claim for Relief**

*Failure to Pay Overtime in Violation of the R.I. Gen. Laws § 28-12-4.1*

57.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, do not compensate Daniel at a rate of one and a half times of the regular rate of payment when he worked in excess of forty hours a week or eight in a day. Defendants deprived Daniel of his rights secured by the Rhode Island Minimum Wage Act, causing Daniel to suffer damages as aforesaid.

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Daniel prays and respectfully requests that this Court grant the following relief:

A.  A designation of this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

B.  A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the FLSA, Rhode Island Payment of Wages Act, and Rhode Island Minimum Wage Act;

C.  A declaratory judgment that Defendants' violations of the provisions of the FLSA are willful as to Daniel and the FLSA Class members;

D.  A declaratory judgment that Defendants' violations of the provisions of the Rhode Island Payment of Wages and Minimum Wage Acts are deliberate, voluntary or intentional as to Daniel and the FLSA Class members;

E.  An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

F.  An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Daniel, and FLSA Class members, whole for all earnings and benefits Daniel would have received but for the violations;

G.  An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Daniel and the FLSA Class members are entitled;

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

11                                                    COMPLAINT

H.  An award of prejudgment interest, reasonable attorneys' fees, and costs; and

I.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: February 18, 2025

ODU LAW FIRM, LLC

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF,
DANIEL PRICE**

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**ODU LAW FIRM, LLC**

For the Injured & Disabled

ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office:  (401) 209-2029
Fax:    (401) 217-2299
E-mail: odu@odulawfirm.com
Web:    www.odulawfirm.com

February 12, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name:  Daniel Price

Legal representative: ODU Law Firm, LLC

Signature:  *Daniel Price*
ID bdRuTA1SHXJhRAKtMF2DPnPh

Date:  2/12/2025



Page 1 of 1